UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF RURAL HEALTH CLINICS and AVENAL COMMUNITY HEALTH CENTER,<br><br>            Plaintiffs,<br><br>     v.<br><br>TOBY DOUGLAS, Director of the California Department of Health Care Services; MARI CANTWELL, Chief Deputy Director for Health Care Programs of the California Department of Health Care Services; and the CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>            Defendants. | No. 2:10-cv-00759-TLN-EFB<br><br>**ORDER** |

This matter is before the Court pursuant to a Ninth Circuit reversal and remand. (ECF No. 44.) Plaintiffs California Association of Rural Health Clinics and the Avenal Community Health Center (collectively the "Clinics") also filed a motion for attorneys' fees. (ECF No. 51.) Defendants did not oppose the attorneys' fees motion. For the reasons stated below, Plaintiffs' motion for attorneys' fees (ECF No. 51) is GRANTED IN PART and DENIED IN PART.

    **I.    FACTUAL BACKGROUND**

Federal law requires States participating in the Medicaid program to reimburse Federally Qualified Health Centers ("FQHCs") and Rural Health Centers ("RHCs") for "physicians'

1

services." 42 U.S.C. § 1396d(a)(2). Physicians are defined as medical doctors, doctors of osteopathy, dentists, podiatrists, optometrists, and chiropractors.[1] 42 U.S.C. § 1395x(r). California's Medicaid Program (Medi-Cal) reimburses FQHCs and RHCs for the "core services"[2] these physicians provide. As a cost-cutting measure, the California legislature adopted California Welfare and Institutions Code Section 14131.10 ("§ 14131.10") on February 19, 2009. The legislation eliminated "optional benefits" from Medi-Cal coverage. These benefits include adult dental, podiatric, optometric, and chiropractic services.

The issue in this case was whether the exclusion of optional services pursuant to § 14131.10 applies to the "core services" provided by FQHCs and RHCs. The California Department of Health Care Services ("Department") contended that the exclusion does apply. The Department is responsible for establishing and complying with the state plan, and must submit any proposed amendments to the state plan to the Centers for Medicare and Medicaid Services ("CMS") for approval. However, the Department did not seek approval to amend the state plan in this case. It discontinued reimbursement for adult dental, chiropractic, optometric, and podiatric services to FQHCs and RHCs before CMS could approve the changes.

Plaintiffs argued that federal Medicaid law prohibits the elimination of adult dental, podiatry, optometry, and chiropractic services from coverage at FQHCs and RHCs. The Clinics also contended that Department violated federal law by failing to obtain approval from the CMS to amend its state Medicaid plan before excluding the services listed in § 14131.10.

**II.     PROCEDURAL HISTORY**

The Clinics brought a 42 U.S.C. § 1983 claim against the Department and its agents. (ECF No. 8.) Plaintiffs sought declaratory and injunctive relief to prevent further implementation of § 14131.10.

Section 14131.10 excludes coverage under the Medi-Cal program for adult dental, chiropractic, optometric, and podiatric services. The Court issued an Order and Judgment on

---

[1] At issue in this case was the meaning of "physician" in the context of FQHCs and RHCs. The Ninth Circuit determined that the Medicare definition of "physician" governs for FQHCs and RHCs.
[2] The statutes in this case do not mention "core services." However, the parties in both the instant action and the Ninth Circuit use the term to refer to the services for which FQHCs and RHCs are required to be reimbursed under the Medicaid Act. Accordingly, the Court uses the term in the same respect.

October 20, 2010, granting in part and denying in part Plaintiffs' motion for summary judgment. (ECF No. 28.)

On September 26, 2013, the Court of Appeals for the Ninth Circuit issued a formal mandate.[3] (ECF No. 45.) The mandate affirmed that Plaintiffs have a private right of action to bring a 42 U.S.C. § 1983 claim challenging the validity of § 14131.10, but reversed the district court's interpretation of the Medicaid Act and remanded the case to this Court. This case was subsequently reassigned to the undersigned on September 27, 2013. (ECF No. 47.)

### III. THE NINTH CIRCUIT'S OPINION

The Ninth Circuit determined that Congress intended to confer on the Clinics a private right of action to challenge § 14131.10. (*See* ECF No. 44 at 14 ("Because the language contained in 42 U.S.C. § 1396a(bb)(1) is not general or administrative but contains specific rights-creating language, it reflects Congress's intent to create new rights enforceable under § 1983 . . . in clear and unambiguous terms); *see also* 42 U.S.C. § 1396a(bb).) The Ninth Circuit thus affirmed the district court's holding that the Clinics had a private right of action to bring a § 1983 claim to enforce the Medicaid Act. (ECF No. 44 at 14.)

The Ninth Circuit, however, reversed the district court's interpretation of the Medicaid Act. The appellate court determined that it does not owe deference to CMS's approval of the state plan amendment because Congress clearly outlines the types of services states must cover for FQHCs and RHCs in the text of the Medicaid statute. (ECF No. 44 at 14.) The Ninth Circuit determined that because the portion of the Medicaid statute defining FQHC and RHC services[4] imports Medicare's general definition of "physician," the Medicare definition should be used in defining "physicians' services" in the context of FQHCs and RHCs. (ECF No. 44 at 20.) The expansive Medicare definition of "physician" includes not only doctors of medicine and osteopathy, but dentists, podiatrists, optometrists, and chiropractors. *See* 42 U.S.C. § 1395x(r)(1)-(5). Consequently, the "physicians' services" for which the Clinics must be reimbursed includes services by dentists, podiatrists, optometrists, and chiropractors. The Ninth

---

[3] Plaintiffs' claim that Department violated federal law by failing to obtain approval from CMS before implementing changes to the state plan was mooted by CMS' approval of the plan prior to the appeal.
[4] 42 U.S.C. § 1396d(l)(1) and § 1396d(l)(2).

3

Circuit held that Medicaid imposes on participating states an obligation to cover these services at FQHCs and RHCs. (ECF No. 44 at 20.) Thus, § 14131.10 impermissibly eliminates services performed by dentists, podiatrists, optometrists, and chiropractors at FQHCs and RHCs from Medi-Cal coverage. Accordingly, the Ninth Circuit reversed the district court's grant of summary judgment in favor of Defendants and held federal Medicaid law preempts discontinuing reimbursement for these services. (ECF No. 44 at 4.)

The Ninth Circuit reversed and remanded the case back to this Court on the issue of attorneys' fees. Plaintiffs move for attorneys' fees (ECF No. 51) and requests this Court retain jurisdiction over any issues arising from the implementation of the judgment. (ECF No. 57 at 6.) For the reasons below, Plaintiffs' Motion for Attorneys' Fees (ECF No. 51) is GRANTED IN PART and DENIED IN PART, and Plaintiffs' request for this Court to retain jurisdiction (ECF No. 57 at 6) is DENIED.[5]

### IV.   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Plaintiffs have moved this Court to award attorneys' fees pursuant to 42 U.S.C. § 1988. (ECF No. 51-1 at 2.) Section 1988 allows prevailing parties to recover reasonable attorneys' fees for 42 U.S.C. § 1983 actions at the discretion of the court.[6] Because Plaintiffs were the prevailing party in this §1983 action, the Court has discretion to award Plaintiffs attorneys' fees.

Determining reasonable attorneys' fees is a two-step process. First, the court should calculate a "lodestar" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 542 (2010).

Second, the court may adjust the lodestar figure upward or downward. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). These factors include the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly,

---

[5] Plaintiffs' "implementation issues" are not properly before the Court. Judgment on this matter is limited to issues from the Ninth Circuit ruling and attorneys' fees. Therefore, Plaintiffs' request for the Court to retain jurisdiction is DENIED. Plaintiff may file a new complaint to address "implementation issues" after the Court enters judgment should such issues arise.

[6] The Ninth Circuit recently held that the term "costs" under Rule 39 does not include attorneys' fees recoverable as part of costs under 42 U.S.C. § 1988. *Family PAC v. McKenna*, 685 F.3d 800, 814 (9th Cir. 2012). Thus, though the Ninth Circuit ordered that "each side shall bear its own costs," this does not preclude Plaintiffs from recovering attorneys' fees under § 1988. (ECF No. 44 at 23.)

etc. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Since the lodestar figure is presumptively reasonable, courts should only adjust the figure in rare circumstances. *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000).

### *Hours Expended*

The Court should defer to counsel's professional judgment as to how much time was spent on the case. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Counsel is not required to record this time in great detail but must provide the general subject matter for the task performed. *Hensley*, 461 U.S. at 437 n.12. However, a court may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

The party seeking the attorneys' fees bears the burden of producing documentary evidence demonstrating the number of hours spent on and rates in the litigation. *McCown v. City of Fontana Fire Dep't*, 565 F.3d 1097, 1102 (9th Cir. 2009). The burden then shifts to the opposition to submit evidence challenging the accuracy and reasonableness of the hours charged, the facts of the affidavit, and calculations.[7] *Ruff v. County of Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

### *Reasonable Rates*

The Court must clearly explain its reasons for the fee award. *Hensley*, 461 U.S. at 437. It should refer to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Courts should rely on their own familiarity with the market. *Ingram*, 647 F.3d at 928. They must base their rates on the standards of the legal community in which the court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997).

---

[7] As Defendants fail to submit any evidence challenging the accuracy and reasonableness of Plaintiffs' attorneys' fees, Defendants waive their objections to the motion. *See* Local Rule 230(c). Furthermore, to the extent that Defendants' non-opposition raises issues as to whether Plaintiffs' motion is premature, the Court will decide attorneys' fees now, rather than after the Court enters judgment for purposes of efficiency and judicial expediency.

The rate to be applied is the prevailing market rate for a healthcare attorney practicing in the Sacramento area. As there is a dearth of cases addressing the market rate for a healthcare attorney in the Eastern District, the Court will look to the prevailing market rate for civil rights attorneys engaging in actions against governmental entities in Sacramento. The Court also considers the rates set forth in Plaintiffs' supporting declarations.

### a. **Plaintiffs' Request**

Plaintiffs' counsel requests the following fees for the attorneys involved in this matter: (1) Kathryn Doi at $380–$395 per hour; (2) Regina Boyle at $350 per hour; (3) Doug Cumming at $340 per hour; (4) Frank Fedor at $400 per hour; (5) John Fischer at $330 per hour; (6) Karen Kim at $235–$245 per hour; (7) Asha Jennings at $200 per hour; (8) Jennifer Shih at $145 per hour; and (9)Rachel Schock at $220 per hour. (ECF No. 51)

The Court has considered the declarations of Kathryn Doi (ECF No. 51-2), Regina Boyle (ECF No. 51-3), and Doug Cumming (ECF No. 51-4) and awards their fees as detailed below. However, the Court is unable to award Plaintiff's request for attorneys' fees as to Frank Fedor, John Fischer, Karen Kim, Asha Jennings, Jennifer Shih, or Rachel Schock because the motion contains little supporting documentation for Plaintiffs' request. The Court's inclination is to award attorneys' fees, should counsel submit concise summaries addressing what each attorney has done on this case. Specifically, the attorneys need to submit declarations outlining their experiences in this type of litigation, specific tasks performed, hours expended on the case, and requests for reasonable rates before the Court can award them attorneys' fees.

### b. **Supporting Declarations**

In support of Plaintiffs' motion to award attorneys' fees, Plaintiffs' counsel submits the declarations of Jordan Keville (ECF No. 51-5), Lawrence B. Garcia (ECF No. 51-6), and Francisco Silva (ECF No. 51-7).

Jordan Keville is a partner with the law firm Hooper, Lundy, & Bookman and has been practicing law for 13 years. He has been involved in multiple cases resulting in Ninth Circuit decisions relating to federal Medicaid requirements for state plan approval. (ECF No. 51-5 at 2.) In his opinion, the present case is similar in complexity, difficulty and significance to the cases


Mr. Keville has handled in the past. (ECF No. 51-5 at 2.)   However, Mr. Keville's rates do not provide a basis for what the attorneys would reasonably be awarded in this case.  As reasonable attorneys' fees are calculated according to the prevailing market rate in the relevant legal community, and the relevant legal community here is Sacramento.  Mr. Keville's rates as a Los Angeles-based attorney are thus irrelevant.

Francisco Silva is the Vice President and General Counsel for the California Medical Association.  He has been practicing law for 13 years.  Based on his work with a number of outside law firms in Northern California, Mr. Silva's understanding is that for a case of similar complexity, difficulty and significance, the prevailing market rate in Sacramento for attorneys practicing in this type of healthcare litigation is in the range of $400 to $650 an hour.  (ECF No. 51-7 at 5.)

Lawrence Garcia is a partner in the Sacramento office of Gordon and Reese.  He has practiced law in Northern California for 39 years.  He currently counsels and represents hospitals, health systems, FQHCs, medical group practices, and senior living providers.  (ECF No. 51-6 at 3.)  He also serves as legal counsel to the California Primary Care Association, a non-profit trade association of community clinics, including FQHCs.  (ECF No. 51-6 at 3.)  Mr. Garcia believes the prevailing market rate in Sacramento for attorneys practicing in this type of healthcare litigation is between $325 and $400 per hour.  (ECF No. 51-6 at 3.)  His hourly rate for work as co-counsel in healthcare litigation similar in complexity, difficulty and significance to this case was $395 per hour.  (ECF No. 51-6 at 3.)

### c. Counsel on this Case

**Kathryn Doi:** Ms. Doi is the lead attorney on this case. She is requesting $385–$395 per hour.  (ECF No. 51-2 at 7.)  She has practiced law for 29 years.  She currently practices almost exclusively in health care law with an emphasis on managed care reimbursement disputes between healthcare providers and insurance companies, litigation involving issues of the interplay between federal and state statutes that affect health care provider reimbursements, and litigation involving the interpretation of California statutes and regulations.  (ECF No. 51-2 at 7.)  In a case where she and co-counsel Jordan Keville and Regina Boyle filed an action against the

1  Department pursuant to the California Public Records Act, Department did not oppose Ms. Doi's
2  fee of $385.  (ECF No. 51-2 at 5–6.)

3  The Court finds Ms. Doi's request of $385–$395 per hour reasonable for a healthcare
4  attorney because it is within the range of Francisco Silva's $400 to $650 an hour and Lawrence
5  Garcia's $325 to $400 per hour.  (ECF No. 51-6 at 4, ECF No. 51-7 at 5.)  Moreover, courts in the
6  Eastern District have found $400 per hour reasonable for highly qualified civil rights attorneys.
7  *Deocampo v. Potts,* CIV. 2:06-1283 WBS, 2014 WL 788429, at *9 (E.D.Cal. Feb.25, 2014)
8  ($400 hourly rate to attorney with "thirty-five years of legal experience" and "record of high-
9  profile representations in civil rights matters"); *Lehr v. City of Sacramento*, 2013 WL 1326546, at
10 *4 (E.D.Cal. Apr.2, 2013) ($400 per hour to a "highly qualified civil rights attorney" with over 40
11 years of relevant litigation experience).  As Ms. Doi's rates fall below that, her request of $385–
12 $395 per hour is reasonable.

13 **Regina Boyle:** Ms. Boyle has practiced law for 21 years. She is requesting $350 per hour.
14 (ECF No. 51-2 at 7.)  From 2000–2005, she was the Director of Legal Affairs at the California
15 Primary Care Association.  (ECF No. 51-3 at 2.)  She was a staff member on the Federally
16 Qualified Health Center committee of the Association.  In this capacity, Ms. Boyle drafted and
17 negotiated most of the state's Medicaid statutes relating to reimbursement of Federally Qualified
18 Health Centers and Rural Health Clinics.  (ECF No. 51-3 at 3.)  She has now restricted her
19 practice to mostly representation of FQHCs, RHCs, nonprofit community clinics, and
20 associations.  She is involved in the "majority" of state and federal cases in California addressing
21 Medicaid reimbursement of these safety net providers.  (ECF No. 51-3 at 3.)

22 Ms. Boyle has a great deal of experience in the healthcare field, especially relating to
23 FQHCs and RHCs.  Her rate falls within the ranges set forth in Plaintiff's supporting declarations
24 for a healthcare attorney in the Sacramento area.  (ECF No. 51-6 at 4, ECF No. 51-7 at 5.)  It also
25 falls below the rate for trial counsel in Sacramento in several civil rights cases.  *See H.W. ex rel.*
26 *Nelson v. E. Sierra Unified Sch. Dist.*, CIV S-11-0531 GEB, 2012 WL 4469262, at *1–2 (E.D.
27 Cal. Sept. 27, 2012) ($375 per hour for lead attorney practicing civil rights litigation in the
28 Sacramento area); *Beecham v. City of W. Sacramento*, CIV. S071115 JAMEFB, 2009 WL

3824793, at *4 (E.D. Cal. Nov. 16, 2009) ($375 per hour for Sacramento attorneys in a civil rights case); *California Pro-Life Council, Inc. v. Randolph*, CIVS00-1698 FCD GGH, 2008 WL 4453627, at *4-5 (E.D. Cal. Sept. 30, 2008) ($385 per hour for lead trial counsel in Sacramento in a civil rights case). As such, the Court finds $350 per hour reasonable for Ms. Boyle.

**Doug Cumming:** Mr. Cumming has been practicing law for 35 years. He has practiced exclusively in healthcare law since joining the Department of Health Care Services, a Defendant in this action, as staff counsel in 1982. (ECF No. 51-4 at 2–3.) He has handled "several" litigation matters involving issues of the interplay between federal and state laws and regulations affecting health care provider reimbursements and on the interpretation of California statutes and regulations. (ECF No. 51-4 at 3.) He was managing partner of the Sacramento offices of two health care firms prior to establishing his own practice. (ECF No. 51-4 at 2.) As he has practiced exclusively in the health care area for over 30 years, the Court finds that his requested rate of $340 per hour is reasonable.

## II.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. Plaintiffs' motion for summary judgment is GRANTED because § 14131.10 impermissibly eliminates Federally Qualified Health Center and Rural Health Clinic services from coverage under the Medicaid Act;

2. Pursuant to the Ninth Circuit's ruling, Defendants, its agents, servants, employees, attorneys, successors, and all those working in concert with them, are permanently enjoined from enforcing § 14131.10 with respect to the "physicians' services" described in 42 U.S.C. §§ 1395x(aa)(1)(A) & (3)(A) and 1395x(r)(2)-(5) for which State Medicaid agencies are required to reimburse FQHCs and RHCs in the manner described in 42 U.S.C. § 1396a(bb);

3. Plaintiffs' attorneys' fees motion (ECF No. 51) is GRANTED IN PART and DENIED IN PART. The requested fees as to Kathryn Doi, Regina Boyle, and Doug Cumming are hereby GRANTED. The requested fees as to Frank Fedor, John Fischer, Karen Kim, Asha Jennings, Jennifer Shih, and Rachel Schock are DENIED WITHOUT PREJUDICE.

1  The Court would reconsider Plaintiffs' request should they file a new motion
2  accompanied by the appropriate documentation so that the Court may consider the
3  reasonableness of the requested fees.

5  IT IS SO ORDERED.

6  Dated:  November 5, 2014

Troy L. Nunley
United States District Judge